The Armstrong Furniture Co. *v.* Kosure *et al.*

The Armstrong Furniture Co. *v.* Kosure et al.

MISTAKE.—*Fraud.*— *Weight of Evidence.*—*Supreme Court.*—Where A. sells and delivers lumber to B., at a certain price per thousand feet, and the latter, upon measurement, deducts a part for splits, knots and defects, and A., not knowing of such deduction, accepts the note of B. for the amount of the lumber according to the measurement of the latter, which note is afterward paid, a suit may subsequently be brought upon the account, for the balance so deducted, and evidence may be introduced to correct the mistake made by B. in the measurement; and when this evidence has been passed upon by the court and jury below, the Supreme Court will not disturb the verdict and judgment upon the mere weight of such evidence.

From the Vanderburgh Circuit Court.

*J. E. Williamson* and *W. M. Blakey*, for appellant.

*R. V. Hodson, C. Denby* and *D. B. Kumler*, for appellees.

BIDDLE, J.—This was an action brought by appellees, against the appellant, before a justice of the peace, on the following account:

"EVANSVILLE, IND., July 10th, 1876.

" THE ARMSTRONG FURNITURE CO.,

Bought of KOSURE & BOURLAND :

| | | | | | |
|---|---|---|---|---|---|
| 17,000 feet of | Walnut lumber, @ $30— | $510.00 |
| 2,800 " " | " | " | " — | 84.00 |
| 350 " " | " | " | " — | 10.50 |

                                        $604.50.

"Settled by Note,......................... 434.61.

"Balance, ...............................$169.89."

Before the justice the appellant had judgment in its favor. The appellees appealed to the circuit court, wherein, upon a trial by jury, they recovered judgment for the balance due them, as stated in the account. The appellant reserved a number of questions in the record, but in its brief in this court presents but one, namely: Is the evidence sufficient to sustain the verdict?

The evidence tends to prove that the appellees sold and delivered to the appellant 20,150 feet of walnut timber, as stated in the cause of action. It tends to prove that the appellant, upon measurement, made the amount only 14,-487 feet, and informed the appellees accordingly; and tends to prove that the appellees accepted that measurement, and received the note of the appellant for the amount, which was afterwards paid. The evidence also tends to prove that, in the measurement of the lumber, the appellant deducted nearly one-third for splits, knots, and defects. It also tends to prove that the appellees did not know, at the time they accepted the note of the appellant for the

balance of the account, that any such deduction had been made in the measurement. This evidence, applied to the cause of action, shows the controversy to be between the two measurements; the appellees claiming the amount to be 20,150 feet, and the appellant claiming it to be only 14,487 feet. The price is not in dispute; it was to be thirty dollars per thousand feet.

The appellant claims that after the appellees had accepted the measurement of the lumber made by appellant, and received its note for the amount, which was afterwards paid, they could not impeach the settlement except for fraud or mistake, and that there is no evidence tending to show either fraud or mistake.

Admitting that there is no evidence in the record tending to prove any fraud on the part of the appellant, yet there certainly is evidence tending to prove that there was a mistake made by the appellant in measuring the lumber, by which the whole amount was not accounted for to the appellees. Such an error could be corrected by the evidence. It may be noticed, too, that if no deduction had been made from the appellant's measurement, it would have agreed substantially with the claim of the appellees. Now, all of this was submitted to the jury; they found in favor of the appellees; the circuit court held the verdict to be right; it is impossible for us to see, by the record, wherein it is wrong.

The judgment is affirmed, at the costs of the appellant.